**UNITED STATES of America,**

v.

**Ronald DAVIS, Defendant**

**No. CRIM.A.03–00141.**

United States District Court,
E.D. Pennsylvania.

June 15, 2004.

Richard A. Lloret, Esquire, U.S. Attorney's Office, Philadelphia, PA, for Plaintiffs.

George Henry Newman, Esquire, The Benjamin Franklin, Mezzanine Level, Philadelphia, PA, for Defendant.

### MEMORANDUM & ORDER

KATZ, Senior District Judge.

On July 23, 2003, the defendant, Ronald Davis, pleaded guilty to one count of Access Device Fraud, in violation of Title 18 U.S.Code Section 1029(a)(2). In his Guilty Plea Agreement, Davis admitted to participating in a scheme to defraud merchants by ordering computers under a false identity with stolen credit card information and then reselling those computers. The Agreement also provides that Davis will not contest the Notice of Forfeiture and any fine or restitution ordered by the court as part of his sentence. Davis faces a maximum term of imprisonment of 10 years imprisonment, a $250,000 fine, 3 years of supervised release, a $100 special assessment, and restitution and forfeiture. The parties agree that Davis is eligible for a downward adjustment for acceptance of responsibility and neither side seeks any departure from the Guidelines. Defendant, however, disputes the Sentencing Guidelines calculation for his offense conduct.

The Probation Office made the following adjustments to the base offense level of six for Access Device Fraud: an additional eight points because the amount involved was more than $70,000; an additional three points because defendant had a managerial role in the scheme; and a subtraction of two points for his timely acceptance of responsibility.[1] Defendant

---

1. The PSI actually provides for a deduction of three points for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b), but the court will only deduct two points pursuant to

Davis has a prior adult conviction and the instant offense occurred while he was on probation, placing him in Criminal History Category III. With a total offense level of 15, this places Davis in a sentencing range of 24 to 30 months imprisonment. Davis' first objection is to the calculation of the total loss from his offense conduct. In his sentencing memorandum, Davis argues that he plead guilty to a limited number of the deliveries and the loss for those transactions only totaled $7,832, as opposed to the total loss from the scheme of $89,222.88. In response, the Probation Office states that several people who participated in the scheme as buyers of the stolen computers stated that Davis knew about the overall conspiracy. In his statement to the Postal Inspector, Davis admitted receiving computer shipments on two occasions, being present when computers were ordered, and being present at least once when property was resold. At the guilty plea hearing, Davis' attorney stated his position that the loss amount attributed to Davis was less than $10,000. The court agrees that the guilty plea referred to only two deliveries and that the loss that should be attributed to Davis for offense calculation purposes is $7,832. Accordingly, the base offense level of six is increased by two points for a loss exceeding $5,000, rather than the eight points added in the Presentence Investigation Report. Nevertheless, Davis and the government have stipulated to restitution of $27,483.47, which the court imposes. This amount of restitution will make Davis' punishment comparable to that of his co-defendant Gordon Thomas, who was sentenced by another judge of this court.

■ Davis also objects to the characterization of his role in the offense conduct as "managerial" or "supervisory" and claims that his participation in the scheme was actually limited. The Probation Officer assigned to Mr. Davis states that the enhancement for a managerial role does apply because defendant admitted that he recruited individuals to receive the illegally obtained computers and three individuals have given statements to the Postal Inspector that confirm that Davis was the one who contacted them about buying the stolen property. Application Note four referring to U.S.S.G. § 3B1.1 states that a court should consider, *inter alia*, the following factors when deciding whether to apply this provision: "[T]he exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of control and authority exercised over others." In this scheme involving five active participants, it is evident to the court that Davis' main task in the scheme was to find addresses and people who would sign for the deliveries of stolen property and he did not seem to have any degree of authority or control over the other members of the scheme. The three-level enhancement for a managerial role does not apply.

An appropriate Order follows.

### ORDER

**AND NOW**, this 15th day of June, 2004, pursuant to Federal Rule of Criminal Procedure 32(c)(1) and after considering the Presentence Investigation Report ("PSI"), the defendant's sentencing memorandum,

---

the terms of subsection (b): "If the defendant qualifies for a decrease under subsection (a), *the offense level determined prior to the operation of subsection (a) is level 16 or greater,* and upon motion of the government .... decrease

the offense level by 1 additional level." U.S.S.G. § 3E1.1(b). *See also* Transcript of Plea hearing at 19 (referring to the limitations on applying section 3E1.1(b) to Davis' case).

the government's sentencing memorandum, and after a hearing, it is hereby **ORDERED** that the following findings and determinations of the court shall be appended to the PSI in this case and shall accompany any copy of the PSI thereafter made available to the Bureau of Prisons. With regard to the PSI and the defendant's objections thereto, it is hereby **ORDERED** that Defendant's objections to paragraphs are **GRANTED**. The court will add two points to the base offense level of six because the loss exceeded $5,000 and will deduct two points for acceptance of responsibility. Accordingly, the total offense level is six and the range of imprisonment is reduced to 2 to 8 months.